UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON SINGLETON,<br><br>  Plaintiff,<br><br>  v.<br><br>D. BAUGHAM, et al.,<br><br>  Defendants. | No. 2:18-cv-2633 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted documents that make the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 2, 6). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. DISCUSSION

In the complaint, plaintiff asserts that his Eighth Amendment rights were violated by four prison officials when he experienced deliberate indifference, cruel and unusual punishment, unlawful injury and "inhumanity to prisoners." (See ECF No. 1 at 2-3). The first claim alleged in plaintiff's complaint reads verbatim in its entirety as follows:

> Under Penal Code § 2650, unlawfulness of injury to Prisoner, The person of a prisoner sentenced to imprisonment pursuant to subdivision (b) of Section 1170 is under the Protection of the law & any injury to his person, authorized by law is punishable in the same manner as if he were not convicted or sentenced. Penal code § 147 Inhumanity to a prisoners, Every officer who is guilty of willful inhumanity or oppression toward any Prisoner under his care or his custody, is Punishable by fine not exceeding four Thousand ($4,000) & by removal from office. History enacted 1872, Amended stats 1983 ch 1092 & 240 effective September 22, 1983; operative January 1, 1984. The Plaintiff Devon-Samuel James-Singleton Perkins; sent you a letter by way of legal mail informing you of the action that your c/o Watkins Taking upon his life by informing other Prison I/m of his outside worldly relation with Some of your correctional staff & trying to make it as the Plaintiff was being a Prison informant he would back off him. On August 1st c/o Watkins stated to you'r correctional sergeant that this incident was over, The Plaintiff outside relation with other staff & his Pass History The Plaintiff writen you al etter & you could have had the Plaintiff remove from Fac. B. CSP-SAC, But you let this c/o Watkins set him up to lose his Job & Pay number in a incident log#00000005404445. See 602 agent c/o Watkins.

(ECF No. 1 at 3).

Thereafter, plaintiff alleges verbatim the following injury with respect to this claim:

> He is over The Prison He could have had this c/o remove or me put on a bus more live a van so that; The incident wouldn't happen. but now That didn't Happen on

> August 1, 2018 I end up in an incident see case (Benefield v. McDowall, 241 3d. 1267 10th Cir. 2001 8th amendment clampg ps.1359-G.T. Law Journal.

(ECF No. 1 at 3).

Plaintiff makes two other claims which allege violations of constitutional rights. (See ECF No. 1 at 4-5). However, these claims are also presented in the same unintelligible and meandering fashion. (See generally id.).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
2  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
3  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
4  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
5  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
6  and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is DISMISSED with leave to amend;

4. Within thirty days from the date of this order, plaintiff shall file a first amended complaint with the court or risk the recommendation of dismissal of this action.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The first amended complaint must also bear the docket number assigned to this case.  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 18, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/sing2633.14newdism

5