UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON SINGLETON, | No. 2:18-cv-2633 TLN DB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. BAUGHAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff brings claims against the defendants for retaliation, failure to protect, and filing a false report. Before the court is plaintiff's first amended complaint ("FAC") for screening. (ECF No. 12.) For the reasons stated below plaintiff's complaint will be dismissed with leave to amend. The findings and recommendations filed on November 29, 2018 (ECF No. 11) will be vacated.

## PENDING FINDINGS AND RECOMMENDATIONS

By order dated October 19, 2018, the court screened the plaintiff's initial complaint and determined it did not contain any cognizable claims. (ECF No. 8.) Plaintiff was given thirty days leave to file an amended complaint and warned that failure to file an amended complaint would result in a recommendation that this action be dismissed. (<u>See</u> ECF No. 8.) Those thirty days

////

1

passed without plaintiff filing an amended complaint and the court recommended that this action be dismissed for failure to prosecute and failure to comply with court orders.  (ECF No. 11.)

Plaintiff filed objections to the findings and recommendations stating that he had filed an amended complaint but that it may have been held up by delays to mail sent from prisons.  (ECF No. 14 at 1.)  Plaintiff's amended complaint, dated November 5, 2020, was received by the court on December 6, 2018.  (ECF No. 12.)  In light of these facts, the court will vacate findings and recommendations filed November 29, 2018 (ECF No. 11) and screen plaintiff's FAC.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Analysis**

**A.  Allegations in the Complaint**

The complaint is written in unclear language that makes it challenging to discern what the plaintiff intends to allege.  Though the complaint is divided into two claims (ECF No. 12 at 3-4) the factual allegations in the two sections are connected and the complaint appears to state three possible claims.  Plaintiff names as defendants: warden D. Baugham, correctional officer L.

3

Watkins, correctional officer T. Castech, and correctional sergeant M. Saavedra. (<u>Id.</u> at 3.) The complaint's "Supporting Facts" sub-section in the "Claim 1" section states the following, verbatim:

> Plaintiff, De'von-Samuel James-Singleton Perkins was set up by the Defendant correctional officer Watkins, Defendant worked in the housing united the plaintiff was house in Fac-B-4, Plaintiff was a A.D.A./Yard Worker) the Defendant did not like that the Plaintiff had the job & work around any staff at the prison. The defendant 1st told staff & inmates that if the Plaintiff was giving up information he would give the plaintiff a brake & back off. 2nd the Defendant went to inmates liked "Rodney Mitchell" & stated how the plaintiff & other staff had outside relation, also how long they knew each other, saying things that place the plaintiff in a state of danger. 3rd the Defendant told staff & inmates that the Plaintiff had made open threats or threaten his family after finding out the Plaintiff 602 the Defendant & also written a letter to the "co-defendant D. Baugham & after doing so Sgt. Elder address the Plaintiff on & about the letter & was told to use the 602 Inmates Appeal way & that he know that he didn't threat the Defendant nor the Defendant family & let the Plaintiff move to Fac B-3-Block. After the hearing on 7-3-18 the Defendant had the Plaintiff cell rehit saying the Plaintiff took something & place it in the cell knowing the Plaintiff had came back from a 602 hearing knowing the Plaintiff didn't have anything on his person. It was to harass the Plaintiff. Defendant Watkins found ways to keep staff & inmate questioning the Plaintiff action. Do to Defendant staging everything c/o Watkins knowingly "solicited the violence" & their for "created danger", on August 1st 2018 at 09:35:00 do to the "state created danger" & "solicited to violence the plaintiff & "Rodney Mitchel" ended up in an incident.
> That was all do to correctional Watkins on August 1st the statement of correctional sergeant M. Saavedra, made it as this what the incident was over. When I ask correctional office T. Castech she didn't write down the question I ask nor ask the question right she written a false document & false statement to help cover up what took place & what was said.
> Knowing I understood that correctional officer Watkins: "is liable under, "solicited to violated" & state created danger" & "substantial risk of serious harm" U.S. State District Court 2018, 2018 U.S. Dist. Lexis 44915:, Cuevas v. U.S. March 19, 2018; assault made possible by officer's action is actionable Northington v. Jackson 973 F.2s 1518, 1525 "Fischel v. Armitage, 128 F.3d 50-59 2d cir 1991) Snider v. Dylag 188, F.3d 51, 55 (2d cir 199).

(ECF No. 12 at 3-4, 6.)

In the section of complaint quoted above, plaintiff appears to allege the following: on an unspecified date, plaintiff and inmate Rodney Mitchell[1] had an altercation. (<u>Id.</u> at 6.) Defendant Watkins made other inmates and staff suspicious of the plaintiff by telling them that plaintiff had an "outside relation" to California Department of Corrections and Rehabilitation ("CDCR") staff.

---

[1] Plaintiff also refers to an inmate named "Rodney Mitchel" in the complaint. (ECF No. 12 at 6.) From the facts alleged, these appear to be the same individual but it is not clear which spelling is correct. The spelling "Rodney Mitchell" will be used for the remainder of this order.

(Id. at 4.)  Defendant Watkins did not like that the plaintiff had a job as an "A.D.A./Yard Worker".  (Id. at 3.)

Additionally, Plaintiff seems to claim that defendant Watkins falsely accused the plaintiff of threatening defendant Watkins and his family, but no additional details are clearly alleged.  (Id. at 4.)  There is some suggestion in the complaint that defendant Watkins took actions to harass the plaintiff.  (Id.)  Plaintiff only states that his cell was searched by CDCR staff following a 602 hearing.  (Id.)  It is unclear how plaintiff claims defendant Watkins was involved.  (Id.)  Plaintiff also appears to allege that defendant Castech submitted a false report.  (Id. at 6.)  This section of plaintiff's complaint may contain additional allegations but, due to the writing in the complaint, it is impossible to determine if plaintiff alleges additional relevant facts.

The "Claim 2" section of plaintiff's complaint again alleges that defendant Castech made a "false document & false statement."  (Id. at 5.)  As best can be discerned, this claim is connected with a question that defendant Castech did not ask in an investigation.  (Id. at 4.)  However, the details of this and any other allegations plaintiff intended to make in this section are not clearly stated.

### B.  Does Plaintiff State Cognizable Claims?

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983.  There are three possible claims that plaintiff may have intended to bring.  These claims are: (1) an allegation that defendant Castech filed a false report, (2) a First Amendment claim against defendant Watkins for retaliation against plaintiff due to his job, and (3) an Eighth Amendment claim against defendant Watkins for failure to protect the plaintiff resulting in the plaintiff's incident with inmate Mitchell.  The legal basis for each claim will be analyzed individually.

### 1.  Filing a False Report

Plaintiff claims that defendant Castech submitted a false report.  Plaintiff is advised that the falsification of a disciplinary report does not state a stand-alone constitutional claim.  See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).  As plaintiff's claim against defendant Castech appears only to be that the defendant

////

filed a false report, this allegation does not constitute a constitutional violation on its own. As such, this is not a cognizable claim under § 1983.

### 2. First Amendment - Retaliation

Plaintiff appears to claim that defendant Watkins retaliated against the plaintiff in violation of the First Amendment. Plaintiff alleges that defendant Watkins spread information about the plaintiff's connection with CDCR staff due to defendant Watkins in retaliation for plaintiff's job assignment. (ECF No. 12 at 3.)

To state a claim for retaliation in violation of his First Amendment rights, plaintiff must show the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff does not allege any facts which show he was engaged in "protected conducted" or that defendant Watkins chilled plaintiff's First Amendment rights. As such, plaintiff does not allege sufficient facts to state a claim against defendant Watkins for retaliation under the First Amendment.

### 3. Eighth Amendment – Failure to Protect

Plaintiff may also seek to make an Eighth Amendment failure to protect claim against defendant Watkins based on plaintiff's altercation with inmate Mitchell.

To state a claim for failure to protect, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Plaintiff claims that by giving information to others about plaintiff's "outside relation" to CDCR staff, defendant Watkins threatened plaintiff's safety. (ECF No. 12 at 4.) Specifically,

plaintiff appears to allege that his altercation with inmate Mitchell was related to defendant Watkins telling inmates and staff about plaintiff's "outside relation" to CDCR staff. (Id. at 6.) However, plaintiff does not allege any facts to support a connection between the incident involving inmate Mitchell and defendant Watkins' actions. Further, the complaint does not include any facts that show that defendant Watkins knew of and disregarded excessive risk to the plaintiff.

As such, plaintiff has not alleged sufficient facts to state an Eighth Amendment claim against defendant Watkins for failure to protect the plaintiff.

## AMENDING THE COMPLAINT

As stated above, plaintiff has failed to allege sufficient facts to state a claim for which relief can be granted under § 1983. Plaintiff will be given the opportunity to amend his complaint.

Plaintiff should carefully review the legal standards for the claims set out above. Plaintiff must identify a defendant and allege facts that support each factor of the legal claim. Plaintiff should plainly and simply state these supporting facts. It should be clear how each allegation in plaintiff's complaint is related to and supports the associated claim. Plaintiff is reminded that he can only allege claims against different defendants if those claims are related to each other.

Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil

////

7

rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- Plaintiff must make a short, plain statement of the facts supporting each claim. <u>See</u> Fed. R. Civ. P. 8(a).

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under § 1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a § 1983 action.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

////
////
////
////
////
////
////
////
////
////
////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.   The findings and recommendations filed on November 29, 2018 (ECF No. 11) are vacated.

2.   Plaintiff's first amended complaint (ECF No. 12) is dismissed with leave to amend.

3.   Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

4.   Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 24, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/sing2633.scrn2